1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONNIE S. MARTIN,                           )        No. C 08-4459 JF (PR)
                                            )
                    Plaintiff,              )        ORDER OF DISMISSAL WITH
                                            )        LEAVE TO AMEND
     vs.                                    )
                                            )
                                            )
KENNETH PONDER, et al.,                     )
                                            )
                    Defendants.             )
_____    )

        Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights

action pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in forma

pauperis (Docket No. 3) will be addressed in a separate order.  The Court will dismiss the

complaint with leave to amend.

                                    **DISCUSSION**

        A federal court must engage in a preliminary screening of any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable

claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon

which relief may be granted, or seek monetary relief from a defendant who is immune

1   from such relief.  See 28 U.S.C. §1915A(b)(1),(2).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1)

3   that a right secured by the Constitution or laws of the United States was violated and (2)

4   that the violation was committed by a person acting under the color of state law.  See

5   West v. Atkins, 487 U.S. 42, 48 (1988).

6      Plaintiff  alleges that in October 2003, Defendant Ponder, Defendant Kates, and

7   Defendant Lee refused to send him to a dentist outside the prison, as had been

8   recommended by a prison dentist, Dr. Kuenzi (who is not named as a Defendant herein).

9   Plaintiff claims that Defendants, all employees of Salinas Valley State Prison, were

10  deliberately indifferent to his serious dental needs.

11     The complaint appears to be time-barred.  Section 1983 does not contain its own

12  limitations period, so the court looks to the limitations period of the forum state's statute

13  of limitations for personal injury torts.  See Elliott v. City of Union City, 25 F.3d 800, 802

14  (9th Cir. 1994).  A claim accrues when the plaintiff knows or has reason to know of the

15  injury which is the basis of the action.  See TwoRivers v. Lewis, 174 F.3d 987, 991-92

16  (9th Cir. 1999).  Since January 1, 2003, the statute of limitations in California for § 1983

17  claims has been two years.  See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004);

18  Cal. Civ. Proc. Code § 335.1.  Incarceration of the plaintiff is a disability that may toll the

19  statute for a maximum of two years, but only as to claims for damages.  See Cal. Civ.

20  Proc. Code § 352.1.

21     Although the statute of limitations is an affirmative defense that normally may not

22  be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in

23  forma pauperis complaint where the defense is complete and obvious from the face of the

24  pleadings or the court's own records.  See Franklin v. Murphy, 745 F.2d 1221, 1228-30

25  (9th Cir. 1984). That is the case here:  the defense appears complete and obvious from the

26  face of the complaint.  Even with two years of tolling for the disability of imprisonment,

27  all of the acts and omissions giving rise to the claims took place in October 2003, more

28  than four years before this action was filed in September 2008.  Leave to amend will be

1  granted so that Plaintiff may attempt to allege facts showing why his claims are not time-

2  barred.

3  **CONCLUSION**

4  In light of the foregoing, the Court hereby orders as follows:

5  1.   The complaint is DISMISSED with leave to amend within **thirty (30) days**

6  from the date this order is filed to cure the deficiencies described above.  The amended

7  complaint must include the caption and civil case number used in this order (08-4459 JF

8  (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an

9  amended complaint completely replaces the previous complaints, Plaintiff must include in

10  his amended complaint all the claims he wishes to present and all of the defendants he

11  wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff

12  may not incorporate material from the prior complaint by reference.  **Failure to file an**

13  **amended complaint in accordance with this order will result in dismissal of this**

14  **action without further notice to Plaintiff.**

15  2    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

16  Court informed of any change of address by filing a separate paper with the clerk headed

17  "Notice of Change of Address."  He must comply with the Court's orders in a timely

18  fashion or ask for an extension of time to do so.  Failure to comply may result in the

19  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

20  IT IS SO ORDERED.

21  DATED: ___11/20/08_____

22  JEREMY FOGEL
   United States District Judge

23

24

25

26

27

28